UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARIO ANTON LEE, | ) |
| Movant, | ) |
| vs. | ) |
| | ) 2:00-cr-347-LSC |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

MEMORANDUM OF OPINION AND ORDER

Defendant Mario Anton Lee ("Lee") recently filed with this Court a *pro se* pleading that he styled as a "Federal Rule of Civil Procedure Rule 12(b)(4)-(6)" attacking his previous convictions and sentence. (Doc. 328.) This is not Lee's first effort. In fact, Lee has been a frequent filer. He filed a "Motion to Vacate, Set Aside or Correct Sentence" on September 29, 2003 (doc. 265) in the above-referenced case. That Motion was denied on September 20, 2006. (Doc. 9 in cv-03-co-8039-s.) Lee attempted to appeal the ruling denying him relief but was denied a Certificate of Appealability by the Circuit Court. (Doc. 16 in cv-03-co-8039-s.) This led Lee to file, on January 8, 2013, what he styled as a Rule 60(B) Motion. (Doc. 19 in cv-03-co-8039-s.) That motion was denied on January 14, 2013. (Doc. 20 in cv-03-co-8039-s.) Lee

attempted to appeal but was denied a Certificate of Appealability by the Eleventh Circuit on July 1, 2013. (Doc. 28 in cv-03-co-8039-s).

Refusing to be deterred, on August 14, 2013, Lee filed another motion, this time citing "Federal Rule of Criminal Procedure Section 3742(a)(1)." (Doc. 316). That motion was denied on December 11, 2013. (Doc. 317). Lee was once again denied a Certificate of Appealability by the Circuit Court. (Doc. 327.)

In Lee's current foray, he asserts grounds that either were or should have been raised in his original appeal and/or one of his various other motions. Regardless of how Lee titles his motion, it is an application that falls within the structure and requirements of 28 U.S.C. § 2255. This Court explained to Lee on December 11, 2013, before he can file a second or successive § 2255 application in the district court, he must move in the appropriate court of appeals for an order authorizing this Court to consider the application. 28 U.S.C. § 2255(h). Lee did not obtain an order from the United States Court of Appeals for the Eleventh Circuit before filing this motion. Accordingly, this Court is precluded from considering the successive § 2255 motion without an authorizing order from the Eleventh Circuit Court of Appeals.

Lee's Motion styled as "Federal Rule of Civil Procedure Rule 12(b)(4)-(6)" attacking his previous convictions and sentence (Doc. 328) is DENIED. To the extent

this ruling implicates the necessity to issue or deny a certificate of appealability,[1] one will not be issued.

Done this 5th day of October 2015.

_____
L. Scott Coogler
United States District Judge
[160704]

---

[1] Rule 11(a) of the Rules Governing 2255 Proceedings requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds Petitioner's claims do not satisfy either standard.